**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHAEL SIMPKINS,

                                        Plaintiff,

        v.

J. HENDERSON, et al.,                         No. 9:24-CV-0928
                                              (MAD/PJE)

                                        Defendants.

---

**APPEARANCES:**                      **OF COUNSEL:**

Michael Simpkins
99-A-3521
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051
Plaintiff pro se

Lippes Mathias LLP- Buffalo Office    JAMES PETER BLENK, ESQ.
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Attorney for defendants

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

        Plaintiff pro se Michael Simpkins ("plaintiff") who, at all relevant times, is an inmate

in the custody of the New York State Department of Corrections and Community

Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983 against

Defendant Officers at the Mid-State Correctional Facility ("Mid-State CF") J. Henderson

("Henderson"), J. Bartlett ("Bartlett"), N. Palmer ("Palmer"), C. Carinici ("Carinci"), B.

---

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

Czepiel ("Czepiel"), and J. Scarano ("Scarano") (collectively "defendants") for alleged violations of his Eighth Amendment right against excessive force.  *See* Dkt. No. 8.[2] Presently before the Court is defendants' pre-answer motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 56.  *See* Dkt. No. 32.  For the following reason, it is recommended that defendants' motion be denied as premature without prejudice and with leave to renew at the completion of discovery.

## I. **Background**

### A. **Procedural History**

On July 17, 2023, plaintiff commenced this action with the filing of a complaint. *See* Dkt. No. 1.  October 31, 2024, plaintiff filed an amended complaint.  *See* Dkt. No. 8. On initial review of the amended complaint pursuant to 28 U.S.C. § 1915, the Court determined plaintiff's amended complaint to be the operative pleading and directed defendants to respond to plaintiff's Eighth Amendment excessive force claim.  *See* Dkt. No. 11.  In lieu of an answer, defendants moved pursuant to Rule 56  seeking summary judgment, contending that plaintiff failed to exhaust his administrative remedies.  *See* Dkt. No. 32.  Defendants seek dismissal of plaintiff's amended complaint, or, in the alternative, "a stay of Defendants' time to answer the Complaint until fourteen (14) days after a final determination is issued with respect to this motion, in the event the action survives . . . ." *Id*. at 1.  Plaintiff responded to defendants' motion.  *See* Dkt. Nos. 39, 42, 46.

### B. **Eighth Amendment: Excessive Force**

---

[2] Plaintiff initially sought to bring this complaint against several other individuals alleging additional Eight Amendment violations.  *See* Dkt. No. 8.  On initial review, the Court sua sponte dismissed multiple claims against multiple individuals pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  *See* Dkt. No. 11.

Plaintiff was housed at Mid-State CF from August 11, 2022, to November 19, 2024. *See* Dkt. No. 32-9 at 1 (citing Dkt. No. 32-5 at 4). Plaintiff alleges that on April 20, 2024, at approximately 10:30 p.m., he was in the "rec pen" when defendants placed him in handcuffs and "leg irons" and proceeded to throw him to the floor and "stomp and kick[]" him. Dkt. No. 8 at 6. Defendants walked plaintiff back to his cell where he was beaten unconscious, causing him to defecate on himself. *See id*. Defendants then carried plaintiff "out of [his] cell and down the [hallway]." *Id*. Plaintiff claims that, as a result of this assault, he suffered broken ribs and a broken middle finger on his right hand. *See id*.

## II. Discussion

"Summary judgment is appropriate if, after considering all evidence in the light most favorable to the non-moving party, no genuine issue of material fact remains." *Alford v. NFTA-Metro*, No. 23-197, 2024 WL 2239014, at *1 (2d Cir. May 17, 2024) (summary order) (citing *Samuels v. Mockry*, 77 F.3d 34, 35 (2d Cir. 1996)).[3] The Second Circuit has noted that prior to assessing the merits of a motion for summary judgment, the Court "must first . . . assure[] that a *pro se* litigant has been afforded appropriate process and notice." *Id*. (citing *Hernandez v. Coffey*, 582 F.3d 303, 308-09 (2d Cir. 2009)). The Second Circuit has "reversed a district court's judgment where 'it is not clear from the record that [the *pro se* plaintiff] had been informed or otherwise understood the nature and consequences of a motion for summary judgment.'" *Id*. (first quoting *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 (2d Cir. 1999), then citing *McPherson v. Coombe*, 174 F.3d 276, 282 (2d Cir. 1999)).

---

[3] All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

The Second Circuit has "also made clear that a *pro se* plaintiff facing a motion for summary judgment is 'entitled to . . . an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion.'"  *Alford*, 2024 WL 2239014, at *1 (quoting *Hernandez*, 582 F.3d at 309); *Drake v. Rubera*, No. 9:24-CV-24 (AJB/DJS), 2025 WL 1885322, at *4 (N.D.N.Y. Apr. 25, 2025), *report and recommendation adopted,* No. 9:24-CV-24 (AJB/DJS), 2025 WL 1553939 (N.D.N.Y. June 2, 2025) (quoting *Baxter v. Vespa*, 745 F. Supp. 3d 54, 58 (W.D.N.Y. 2024) ("When a pre-answer motion for summary judgment has been filed, a *pro se* litigant must be given notice of his ability to seek discovery and submit evidence relevant to the issues raised in the motion.")

The undersigned concludes "[t]hat did not happen here."  *Alford*, 2024 WL 2239014, at *1.  "At the time Defendants filed their pre-answer motion, [plaintiff] had been given no information regarding [his] ability to request discovery."  *Id*. at *2.  Although the record contains a Court notice advising plaintiff of defendants' motion and the deadline to respond, nothing in the record indicates that plaintiff was advised by the Court, defendants, or otherwise, of his ability "to take relevant discovery and to submit any evidence relevant to the issues raised by the motion"  *Id*. at *1 (quoting *Hernandez*, 582 F.3d at 309); *see also* Dkt. No. 34.

More specifically, the September 25, 2025, Court notice informed plaintiff of the October 15, 2025, deadline to respond to defendants' motion; "how to file a proper response to [the] motion"; and the consequences for failing to respond to defendants' motion, including that "the Court may deem" (1) "you to have admitted the defendants' factual statements," (2) "defendants' factual statements to be true," and (3) "you to have conceded defendants arguments" and that "some or all of your claims may be dismissed."

4

Dkt. No. 34. The Court notice states that plaintiff "must submit . . . copies of all record evidence that [he] cite[s] in response to defendants' statement of material facts," but does not inform plaintiff of his ability to submit all relevant evidence. *Id*. Similarly, the Court notice does not make any reference to discovery, the ability to take discovery, and "provided no description of how discovery might aid a plaintiff's response to a pre-answer motion or how a plaintiff might request such discovery." *Alford*, 2024 WL 2239014, at *2.

Defendants' motion provides the following notice:

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Federal Rules of Civil Procedure 56(e), when a motion for summary judgement is made and properly supported, you may not simply rely upon your pleadings to oppose said motion, but you must respond by affidavits or as otherwise provided in that tule [sic], setting forth specific facts showing that there is a genuine issue of material fact for trial. Any factual assertions in Defendants' Declarations will be accepted by the Judge as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond, summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, those portions of your case will be dismissed and there will be no trial on those causes of action.

Dkt. No. 32 at 1-2. Defendants' motion also includes a copy of the Court's notice to plaintiff stating the consequences for failing to respond to their motion. *See id*. at 4. Yet, neither defendants' motion nor the attached exhibits informed plaintiff of his ability to conduct discovery. *See generally* Dkt. No. 32.

"[T]here is nothing in the record to reflect that [plaintiff] even knew that [he] could ask for discovery, much less how [he] would go about requesting it. [The Second Circuit's] case law makes clear, that much, at least, is required." *Alford*, 2024 WL 2239014, at *2 (citing *Hernandez*, 582 F.3d at 309 ("[A] plaintiff [i]s entitled to (i) an opportunity to take relevant discovery and to submit any evidence relevant to the issues raised by the motion, and (ii) . . . an explanation of the consequence of a grant of summary judgment, as well

as of what [s]he could do to defeat the motion.")).  Plaintiff responded to defendants' motion, but his responses make no reference to discovery or indicate in that he had any knowledge of his ability to request discovery.  *See* Dkt. Nos. 39, 42, 46. Plaintiff's responses also do not indicate that he understood that his responses to defendants' motion were his last opportunity to submit evidence on the issue of exhaustion.  *See Hernandez*, 582 F.3d at 309 ("There is no indication that Hernández understood that his affidavits would be his last chance to submit evidence related to exhaustion.").  Further, defendants do not argue that any attempts at discovery would have been futile or amounted to a dead end due to insufficiencies in plaintiff's complaint.[4]  *But cf. Alford*, 2024 WL 2239014, at *2 ("Defendants alternatively argue that discovery would not have mattered in this case, given that Alford's pleadings were woefully deficient and unable to survive even the pleading stage."); *see also generally* Dkt. No. 32.

"[T]he failure of the court – and Defendants – to provide [the plaintiff] with the notice required by *Hernandez* leads [the undersigned] to conclude that" defendants' pre-answer motion for summary judgment should be denied.  *Alford*, 2024 WL 2239014, at *2.  Accordingly, the undersigned recommends that defendants' motion be denied as premature without prejudice and with opportunity to renew following the completion of discovery.  *See id*.; *Drake*, 2025 WL 1885322, at *3 ("While the Court has the ability to order an exhaustion hearing, *see Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011), doing

---

[4] The undersigned also notes that defendants' acknowledge that "Plaintiff filed a grievance related to the incident alleged in the Amended Complaint" and "[t]hat grievance did not receive a resolution."  Dkt. No. 32-1 at 3.  Defendants' argue that "Plaintiff did not pursue further review of the grievance through the appeal process mandated by the Incarcerated Grievance Program."  *Id*.  However, in response to defendants' motion, plaintiff attaches what appears to be an appeal to CORC of the grievance relating to the April 20, 2024, incident.  *See* Dkt. No. 46 at 2.  Without opining on the merits of any potential future dispositive motion, it appears that all parties would potentially benefit from additional discovery as it relates to the issue of exhaustion.

so here without the benefit of discovery would not be the most efficient manner in which to resolve the factual disputes presented here."); *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (""Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."); *Cabbagestalk v. Hudson*, No. 9:15-CV-0167 (GLS/CFH), 2016 WL 5404233, at *1 (N.D.N.Y. Aug. 29, 2016), *report and recommendation adopted,* No. 9:15-CV-0167 (GLS/CFH), 2016 WL 5394734 (N.D.N.Y. Sept. 27, 2016) (quoting *Hernandez*, 582 F.3d at 307 (quoting *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 767 (2d Cir. 1983))) ("Notice to a *pro se* litigant is particularly important because the *pro se* litigant may be unaware of the consequences of his failure to offer evidence bearing on triable issues.") (internal quotation marks omitted).

## IV. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED**, that defendants' motion for summary judgment (Dkt. No. 32) be **DENIED** as premature without prejudice and with opportunity to renew at the completion of discovery; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation & Order, defendants' answer deadline be reset to fourteen (14) days following the filing date of the District Judge's Decision & Order reviewing the Report-Recommendation & Order, and it is

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), defendants have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[5]

Dated:  June 23, 2026
        Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[5] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen-day (14) period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).