**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**MICHAEL SIMPKINS,**

**Plaintiff,**

    **vs.**

**J. HENDERSON, J. BARTLETT,**
**N. PALMER, C. CARINCI,**
**B. CZEPIEL, and J. SCARANO,**

**Defendants.**

                    **9:24-CV-928**
                    **(MAD/PJE)**

---

**APPEARANCES:**                            **OF COUNSEL:**

**MICHAEL SIMPKINS**
99-A-3521
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051
Plaintiff, *pro se*

**LIPPES MATHIAS LLP**             **JAMES PETER BLENK, ESQ.**
50 Fountain Plaza, Suite 1700      **CHRISTOPHER M. FISHER, ESQ.**
Buffalo, New York 14202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Michael Simpkins ("Plaintiff") commenced this action *pro se* on July 26, 2024, alleging various violations of his Eighth Amendment rights while incarcerated at Mid-State Correctional Facility. *See* Dkt. No. 1. On October 8, 2024, the Court gave Plaintiff the opportunity to amend his complaint. *See* Dkt. No. 6. Plaintiff filed an amended complaint on October 31, 2024. *See* Dkt. No. 8. The Court reviewed the amended complaint and allowed Eighth Amendment excessive force claims to proceed against six corrections officers for their conduct during a cell

1

extraction on April 20, 2024: J. Henderson, J. Bartlett, N. Palmer, C. Carinci, B. Czepiel, and J. Scarano ("Defendants").  *See* Dkt. No. 11 at 3-4, 8.  All other claims and defendants were dismissed.  *See id.* at 7-8.[1]

On September 24, 2025, Defendants filed a pre-answer motion for summary judgment. *See* Dkt. No. 32.  Defendants argue that they are entitled to judgment as a matter of law because Plaintiff failed to exhaust his administrative remedies.  *See* Dkt. No. 32-10 at 6.  Plaintiff opposed the motion on November 7, 2025, *see* Dkt. No. 39, and filed a supplemental response on November 10, 2025, *see* Dkt. No. 42.  Defendants filed a reply on November 17, 2025.  *See* Dkt. No. 44.  On February 5, 2026, Plaintiff filed an exhibit regarding his filing of a grievance, which he "found . . . in [his] legal documents after having [his] cell search[ed] and legal paper thrown around[.]"  Dkt. No. 46.  On June 23, 2026, Magistrate Judge Paul J. Evangelista issued a Report-Recommendation and Order recommending that this Court deny Defendants' motion as premature, without prejudice and with leave to renew after discovery.  *See* Dkt. No. 47.  No party objected to the Report-Recommendation and Order.

In reviewing a report-recommendation and order, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "As to a dispositive matter, any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*."  *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 358 (2d Cir. 2025) (citations and internal quotation marks omitted).  A proper objection must be timely, specific, and "not raise new arguments not previously made before the magistrate judge."  *Id.* at 359 (citations omitted).

---

[1] For a summary of the factual allegations in the amended complaint, the parties are referred to the Court's Decision and Order dated November 19, 2024.  *See* Dkt. No. 11 at 2-4.

2

When a party does not object, or do so properly, the court reviews the magistrate judge's recommendations for clear error. *See id.* at 359-60.

*Pro se* litigants' filings should "'be liberally construed'" and "'held to less stringent standards'" than attorney-drafted submissions. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, this Court must construe Plaintiff's filings "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and emphasis omitted).

Because neither party objected to the Report-Recommendation and Order, the Court reviews it for clear error. Magistrate Judge Evangelista set forth the applicable summary judgment standard, and the Court finds no clear error therein. For the following reasons, the Report-Recommendation and Order is adopted in its entirety.

In recommending that the Court deny Defendants' summary judgment motion, Magistrate Judge Evangelista relied on Plaintiff's apparent unawareness of his ability to request discovery. *See* Dkt. No. 47 at 4-6. The Court finds no clear error with Magistrate Judge Evangelista's observation that, at minimum, Plaintiff was entitled to notice that he could request discovery on the exhaustion issue. *See id.* at 5 (quoting *Alford v. NFTA-Metro*, No. 23-197, 2024 WL 2239014, *2 (2d Cir. May 17, 2024) (summary order)); *see also Baxter v. Vespa*, 745 F. Supp. 3d 54, 58 (W.D.N.Y. 2024) ("When a pre-answer motion for summary judgment has been filed, a *pro se* litigant must be given notice of his ability to seek discovery and submit evidence relevant to the issues raised in the motion"); *Ruotolo v. Internal Revenue Serv.*, 28 F.3d 6, 9 (2d Cir. 1994) ("[B]ecause the [*pro se* plaintiffs] did not understand the district court's procedure with respect to summary judgment motions, and because the district court did not inform them of the consequences of not filing a timely response to the [defendant's] motion, the district court's order

granting summary judgment for [the] defendant must be reversed"); *Bourdon v. Loughren*, 7 Fed. Appx. 116, 119 (2d Cir. 2001) (summary order) (reversing summary judgment for the defendant because, "[w]hile [the plaintiff's] pleadings indicate[d] that he was aware of the existence of [Federal Rule of Civil Procedure] 56, it can hardly be said that he understood that[,] in order to oppose summary judgment[,] Rule 56 requires that he submit . . . affidavits and other documentary evidence that support his claim") (internal quotation marks omitted); *cf. M.B. #11072-054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997) (affirming summary judgment for the defendants where the plaintiff responded to their summary judgment motion with, *inter alia*, more than 100 pages of exhibits and a request for further discovery).

The Court agrees with Magistrate Judge Evangelista that Plaintiff's filings "make no reference to discovery or indicate . . . that he had any knowledge of his ability to request discovery[,]" and "Plaintiff's responses also do not indicate that he understood that his responses to [D]efendants' motion were his last opportunity to submit evidence on the issue of exhaustion." Dkt. No. 47 at 6.  The Report-Recommendation and Order points out that, although a docketed court notice states that Plaintiff must submit all record evidence cited in his response to Defendants' statement of material facts, the notice "does not inform [P]laintiff of his ability to submit all relevant evidence." *Id.* at 5 (quoting Dkt. No. 34 at 2).  Moreover, in light of Plaintiff filing an additional "exhibit" that seems to demonstrate an attempt to exhaust his administrative remedies, the Court also agrees with Magistrate Judge Evangelista "that all parties would potentially benefit from additional discovery as it relates to the issue of exhaustion." *Id.* at 6 n.4. Because the unresolved exhaustion issue may be resolvable through further discovery, the Court finds no clear error with Magistrate Judge Evangelista's conclusion that holding an exhaustion hearing would not be the most efficient way forward at this time. *See id.* at 6-7.

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, and for the reasons set forth above, the Court hereby

**ORDERS** that Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 47) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 32) is **DENIED without prejudice and with leave to renew at the completion of discovery**; and the Court further

**ORDERS** that Defendants' answer deadline is reset to **FOURTEEN (14) DAYS** of the date of this Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  July 15, 2026
         Albany, New York

Mae A. D'Agostino
U.S. District Judge

5